IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETOPIA EVANS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ARIZONA CARDINALS FOOTBALL CLUB, LLC, *et al.*, <br><br> Defendants. | No. C 16-01030 WHA <br><br> **ORDER DENYING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT** |

## INTRODUCTION

Following partial dismissal of their first amended complaint, plaintiffs move for (1) an extension of time to file their second amended complaint, and (2) leave to add a new plaintiff and re-plead their RICO and conspiracy claims. The motion is **DENIED**.

## STATEMENT

The allegations underlying this action first touched down in this district in May 2014, when eight plaintiffs, represented by the same counsel and seeking to represent the same purported class as our plaintiffs here, sued the National Football League. In that case, *Dent v. NFL*, the first and second amended complaints added one plaintiff each, bringing the total to ten (Richard Dent, Jeremy Newberry, Roy Green, J.D. Hill, Keith Van Horne, Ron Stone, Ron Pritchard, James McMahon, Marcellus Wiley, and Jonathan Rex Hadnot, Jr.). The undersigned dismissed all claims — including for fraud, fraudulent concealment, negligent misrepresentation, negligence, and violations of substance control laws — as preempted by the

Labor Management Relations Act. *See Dent v. NFL*, No. C 14–02324 WHA, 2014 WL 7205048 (N.D. Cal. Dec. 17, 2014). Plaintiffs' appeal from that dismissal remains pending.

In May 2015, a new roster of 13 plaintiffs — Etopia Evans, Robert Massey, Troy Sadowski, Christopher Goode, Darryl Ashmore, Jerry Wunsch, Eric King, Alphonso Carreker, Steven Lofton, Duriel Harris, Jeffrey Graham, Mel Renfro, and Cedric Killings — filed this action asserting claims for intentional misrepresentation and conspiracy against the individual clubs of the NFL. A prior order denied defendants' first motion to dismiss (Dkt. No. 89). A case management order issued the same day, stating in part, "Leave to add any new parties or pleading amendments must be sought by **OCTOBER 31, 2016**" (Dkt. No. 90 (bold and small caps in original)). On October 31, 2016, plaintiffs sought leave to file an amended complaint to (1) add RICO and concealment claims, (2) modify the class definition, and (3) add and remove plaintiffs (Dkt. No. 112). A subsequent order granted plaintiffs leave to do so by November 30, 2016 (Dkt. No. 122). The amended complaint substituted in plaintiff Reggie Walker, who played in the NFL from 2009 to 2014, for Mel Renfro, who played in the NFL from 1964 to 1977 (*compare* Dkt. No. 1 at 16 *with* Dkt. No. 136 at 9).

Meanwhile, discovery continued. On January 26, at the hearing on defendants' motion to dismiss the amended complaint, plaintiffs' counsel claimed they had "conducted over 20 depositions," were "70 percent of the way through the documents," and could "amend [the complaint] to any degree of particularity" required (Dkt. No. 169 at 40:3–40:8, 44:7–44:16). On February 3, an order granted in part the motion to dismiss, stating (Dkt. No. 168 at 10):

> [T]he amended complaint shows plaintiffs' RICO claim is barred by the statute of limitations. This order therefore does not reach additional arguments regarding the sufficiency of the pleading as to this claim, except that the amended complaint's failure to plead allegations showing a conspiracy is addressed below within the context of plaintiffs' conspiracy claim.

Within the context of plaintiffs' conspiracy claim, the order then stated, "The amended complaint contains no well-pled allegations of any conspiracy between clubs" (*id.* at 19). Thus, the order concluded (*ibid.*):

> Leave to amend the RICO claim is denied as futile because plaintiffs have already had ample opportunity to investigate and plead a timely claim under RICO. If, as discovery proceeds in this

2

> matter, evidence surfaces indicating the existence of a conspiracy, or indicating that some clubs lied to plaintiffs, then the Court will at least consider allowing plaintiffs to amend their complaint to re-add a conspiracy claim. Otherwise, generous opportunity to shore up the complaint having already been given, further leave to amend is not warranted as to this claim.

The order gave plaintiffs until February 22 to file their second amended complaint. To allow time for both the amendment and defendants' response thereto, the order also continued the deadline for plaintiffs' class certification motion from February 23 to May 18 (*id.* at 20). Trial remains scheduled to begin on October 30 (Dkt. No. 90 at 4).

On February 14, plaintiffs filed this motion for (1) an extension of time to file their second amended complaint, and (2) "leave to add a new party, Carlos Rogers, who on behalf of a putative class will be filing, in addition to intentional misrepresentation and concealment claims, a [RICO] claim . . . and to re-plead their conspiracy claim" (Dkt. No. 171). Rogers, plaintiffs explain, is "[a] former player . . . who suffered a RICO injury within the applicable statute of limitations period (the sole RICO-related issue this Court addressed in granting in part Defendants' motion to dismiss)" (*id.* at 1). A "retained client" of plaintiffs' counsel, Rogers apparently "decided to serve as a named Plaintiff" "in response to hearing about the Court's February 3 order" (*id.* at 2). Plaintiffs proclaim that Rogers "will proceed with RICO, intentional misrepresentation, and conspiracy claims, whether as part of this suit or separately." Thus, they argue, adding Rogers's claims to this lawsuit would be more efficient than waiting for him to file a new one that "will almost certainly be consolidated with this suit" (*id.* at 3).

**ANALYSIS**

The February 3 order expressly denied leave to amend plaintiffs' RICO claim because "plaintiffs have already had ample opportunity to investigate and plead a timely claim under RICO" (Dkt. No. 168 at 19). Yet, for all the time spent and ink spilled between both this case and *Dent*, its predecessor, plaintiffs' counsel did not bring forth Rogers to secure plaintiffs' RICO and conspiracy claims. Even at the hearing on January 26, with the benefit of significant discovery and oral argument on whether leave to amend was warranted (*see, e.g.*, Dkt. No. 169 at 46:1–46:19, 53:6–54:3), plaintiffs' counsel never mentioned Rogers.

3

1  Now, plaintiffs' carefully worded motion states Rogers "came forward" as a potential
2  plaintiff on February 8 (Dkt. No. 171 at 2–4), insinuating that he is a newly discovered,
3  uniquely qualified plaintiff who can and should be allowed to salvage plaintiffs' claims. The
4  motion does not, however, explain when plaintiffs' counsel actually made contact with Rogers,
5  and ignores plaintiffs' counsel's prior statement that they had "met with and received signed
6  Retainer Agreements from over 1,300 Class Members" as of November 30, 2016 (Dkt. No. 136
7  at 72). In light of the extensive history of this case, the abundance of information and clients
8  available to plaintiffs' counsel, and the ample opportunity before this late stage for plaintiffs to
9  perfect their lineup, plaintiffs' suggestion that Rogers should now be permitted to resurrect their
10 dismissed RICO and conspiracy claims rings hollow.

Moreover, insofar as Rogers is proffered as a new opportunity to re-plead claims grounded in conspiracy, plaintiffs have not satisfied the condition expressly set forth in the February 3 order — that the Court will "*consider* allowing plaintiffs to amend their complaint to re-add a conspiracy claim" if, "as discovery proceeds in this matter, evidence surfaces indicating the existence of a conspiracy, or indicating that some clubs lied to plaintiffs" (Dkt. No. 168 at 19 (emphasis added)). The instant motion acknowledges the aforementioned condition (Dkt. No. 171 at 2) but alleges no new (and improved) evidence that any clubs conspired or lied to plaintiffs. Thus, as stated in the February 3 order, "further leave to amend is not warranted" as to plaintiffs' conspiracy claims (Dkt. No. 168 at 19).

In short, plaintiffs' case for permitting the belated and purportedly game-changing addition of Rogers to their ranks is essentially that, if the Court does not acquiesce to their request, Rogers will file a separate lawsuit and force everyone to go through the process of consolidating the two actions and delaying deadlines as a result (*see* Dkt. No. 171 at 3). True, Rogers is free to file his own lawsuit in this district, in which case it would likely be "related" to the instant action and reassigned to the undersigned. But that is no guarantee that the two actions would be "consolidated."

Given the advanced stage of these proceedings, it would be problematic to introduce a new plaintiff who seeks to upend the current litigation landscape by resurrecting dismissed

4

claims. Additionally, and as plaintiffs recognize, the deadline for their class certification motion — already pushed back significantly — is coming up on May 18. Both sides would presumably need more discovery on Rogers, not only to cope with any additional motions practice necessitated by his appearance but also to assess his adequacy as a putative class representative. This process could plausibly be completed between now and May 18, but would be burdensome on all parties.

Plaintiffs, through their counsel, had over a year (more than that, if *Dent* is counted) to find suitable representatives from a vast pool of clients. They are not oblivious to the importance of choosing the right plaintiffs, having previously amended their complaints — both here and in the related *Dent* case — to fine-tune their lineup. The instant motion hints at a strategy by plaintiffs' counsel to shuffle their client deck and produce new plaintiffs to patch up any weaknesses in their case, effectively rebooting it as needed regardless of the stage of litigation. There is no reason to indulge such a strategy, or even to believe that, if indulged, it would end here. As the Court indicated at the January 26 hearing, plaintiffs are not entitled to as many bites as they want at the proverbial apple (*see* Dkt. No. 169 at 53:12–53:20).

Plaintiffs' reply clarifies that they seek an extension of time to file their second amended complaint only if they are permitted to add Rogers as a new party (Dkt. No. 174 at 1). Because this order declines to grant such permission, plaintiffs' requested extension is unnecessary.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 21, 2017.

                                          WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE